CASE 30—PETITION ORDINARY—JUNE 3.

# Turner, Wilson & Co. vs. Robert Browder, &c.

APPEAL FROM WARREN CIRCUIT COURT.

1. The drawer of a bill of exchange, drawn and accepted for his benefit, is liable to the acceptor for the amount paid thereon by him; but—

2. An accommodation drawer is not liable to an acceptor with notice that the drawer had no beneficial interest in the bill.

3. A joint drawer and an indorser are competent witnesses, in a suit by the acceptor of a bill, to prove that the other joint drawer had no beneficial interest in the bill; that he was a mere accommodation drawer, and that the acceptor was so notified before he accepted the bill.

4. The legal presumption is, that the acceptor had funds of the drawer, nothing else appearing than the bill itself.

5. When bills are drawn on letters of credit to enable the drawer to purchase and ship produce, the presumption that the acceptor has funds is rebutted, and the drawer becomes the primary debtor, and, therefore, liable to acceptor for his advances; yet

6. When the acceptor knows that one of the drawers is not interested in the produce, and that he has merely loaned his name to give the bill currency, the acceptor has no more right to look to him than if he had merely indorsed the bill.

J. R. UNDERWOOD,                                    For Appellants,
                              CITED—
   21 *Mendell*, 502; *Griffith vs. Read;* 3 *Kent*, 95.
   2 *Parsons on Notes and Bills*, 501, 502; 1 *Ib.*, 325 *and note.*
   *Story on Agency* (*Bennett's ed.*), *p.* 432, *secs.* 373, 376.

H. G. PETREE and
STEVENSON & MYERS,                                 For Appellees,
                              CITED—
   18 *B. Mon.*, 130; *Todd vs. Luckett.*
   1 *Met.*, 577; *Smith vs. Northern Bank.*
   2 *Met.*, 609; *Millett vs. Parker.*

Turner, Wilson & Co. vs. Robert Browder, &c.

---

*MS. Opinion*, 1868 ; *Western's adm'r vs. Perkins*.
*Civil Code, sec.* 670, *and amendment of March* 2, 1860.
21 *Wendell*, 502 ; *Griffith vs. Read*.
2 *Smith's Leading Cases*, 289.
5 *Hill*, 150 ; *Wing vs. Terry*.
1 *B. Mon.*, 102 ; *Eldridge vs. Duncan*.
16 *Peters*, 121 ; *Branden vs. Philips*.

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

This was a suit by appellants, as acceptors, to recover of appellees the amount of four several bills of exchange drawn by them on, accepted, and paid by appellants, with interest thereon, as follows: 1st. Dated April 1st, 1853, at ninety days, for four thousand dollars; 2d. Dated April 2d, 1853, at sixty days, for one thousand dollars; 3d. Dated April 9th, 1853, at sixty days, for two thousand five hundred dollars; 4th. Dated April 16th, 1853, at sixty days, for two thousand five hundred dollars.

The defendants severally plead payment, and Browder also put in a special defense that he was only an accommodation drawer for said Moore to give the paper credit in bank, where it was drawn, and not as a beneficial party; all of which was known to the plaintiffs before and when they accepted the bills, and subsequently so acted on by them.

The jury having found for the defendants, upon which the court rendered judgment overruling a motion for a new trial, the plaintiffs seek a reversal.

The depositions of G. N. Moore and David Browder were read on the part of Robert Browder to establish that he was a mere accommodation party to said bills, and that this was known to the plaintiffs, notwithstanding the exceptions to said depositions because of interest. The issues were separate, and Moore was called against his interest; for if he could render Robert Browder liable

for one half, he thereby reduced his own ultimate responsibility, or rather liability to loss.

David Browder was the payee and indorser in all of said bills, and was called to show that Robert Browder went on them as an accommodation party for his and Moore's benefit, and that such was known to the acceptors. As Robert Browder would be responsible to him for whatever amount he might have to pay on said bills, had Robert Browder been a beneficial drawer, he too was called against his legal interest; both were, therefore, competent witnesses for Robert Browder. As to the credibility of their statements, that belonged peculiarly to the jury to determine; and the jury having determined the issues on the conflicting statement of the witnesses, so far as any existed, we could not for that reason disturb the finding.

The history of the case, as derived from the evidence, may be regarded substantially as follows: Previous to the date of the first bill Moore had been residing in New Orleans, where plaintiffs were doing business, and by an arrangement with them, if not at their instance, he went to Clarksville, Tennessee, to purchase tobacco, to be shipped to plaintiffs as factors, for sale, bearing with him their letter of credit.

He says they suggested to him, should it become necessary to furnish additional security to the banks to get them to discount the paper, that he should get Robert Browder to either become drawer or indorser for that purpose, and sent a letter of credit to Robert Browder and Moore to draw ten thousand dollars.

Robert Browder declined doing so, but, at the instance of Moore and David Browder, consented, after Moore had drawn as largely as the banks were willing to take his paper without additional names, to

become a joint drawer, if they would immediately inform the plaintiffs that he had no interest in the tobacco to be purchased and shipped, but was merely aiding them to have the paper discounted, and both David Browder and Moore say they did so inform plaintiffs, and such was well understood by them; and their statements are corroborated and fortified by the subsequent conduct of the plaintiffs, whose accounts were kept against Moore, Browder & Moore, and some two other firms in which Moore was interested; but none against Robert Browder, as is apparent from the fact that their accounts current were made out and delivered to Moore and David Browder, and no account of sales was ever made out in favor of Robert Browder and Moore, but the account current against Browder & Moore was continued down long subsequent to the payment of the last bill drawn by Robert Browder and Moore; and several subsequent bills, as well as sales, appear in said account current.

The plaintiffs also settled a balance due Robert Browder of several hundred dollars, several months subsequent to the payment of the last bill to which his name had been placed.

Indeed, nothing seems ever to have been said to Robert Browder, or any one else, of his responsibility on said bills until after David Browder and Moore had failed, although many months had elapsed. And even then the plaintiffs urged David Browder to secure them, in the balance of a long account, on one and two years' time, else they should attempt to hold Robert Browder, as drawer, responsible on said bills.

So it was not only proven, by direct and positive evidence, that plaintiffs did know that Robert Browder was only an accommodation drawer for Moore and David Browder, but their own conduct attests this; and, there-

fore, they did not look to him, as they legally could not, to make good any deficit on said bills.

Whilst, as matter of law, nothing else appearing than the bill, there would be no implied assumpsit by the drawers to the acceptor who may have paid the bill, because the legal presumption would be that the acceptor had funds of the drawer, and, therefore, that he was the prime debtor; yet when such bills are drawn on letters of credit to enable a party to purchase and ship produce, this presumption would be rebutted, and the drawer become the primary debtor, and, therefore, liable to the acceptor for his advances; yet, when the acceptor knows that one of the joint drawers is not interested in the produce, and that he has merely loaned his name to give the bill currency, the acceptor has no more right to look to him than if he had merely indorsed the bill. In such cases the important inquiry is, for whose benefit and accommodation has the acceptor accepted and paid the bill, and not who are the antecedent parties?

Beside, the shipments and sales of tobacco by Moore, and Browder & Moore, and Moore's other firms, up to the payment of the last of these bills, were ample to discharge all their then actual advances paid by the plaintiffs on their account, and both Moore and David Browder say they instructed the plaintiffs to appropriate of their shipments a sufficiency to pay these bills. But if this were not so, inasmuch as the accounts were mainly kept against Moore, and Browder & Moore, the law would appropriate any balance in plaintiffs' hands unappropriated to the payment of these respective bills, rather than leave it to be so appropriated on future bills not then due. So, in any view of the case, the instructions given by the court properly expounded the law, and the verdict was fully authorized by the evidence; wherefore, the judgment is affirmed.